STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN R. LONGO, PLAINTIFF IN ERROR.

Submitted October 4, 1938—Decided December 22, 1938.

428

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the plaintiff in error, *Isserman, Isserman & Kapelsohn* (*Vito Marcantonio* and *Abraham J. Isserman*).

For the defendant in error, *Daniel O'Regan* and *Atwood C. Wolf.*

BODINE, J. The plaintiff in error was convicted of a violation of section 434 of the Election laws (*R. S.* 19:34-2), which read as follows: "No person shall falsely make, or make oath to * * * any certificate of nomination or petition, or any part thereof, or file * * * any certificate of nomination or petition, knowing the same or any part thereof to be falsely made * * *. A person violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and shall be punished by imprisonment of not more than five years."

The indictment charged that plaintiff in error on the 26th day of August, 1937, filed a democratic party primary nominating petition knowing the same to be falsely made and not to be true in fact. It goes on to charge that the signatories were not properly qualified, and that the plaintiff in error knew this fact; and finally that the signatories were made by persons other than those purporting to be signatories. The indictment covers sixteen printed pages in the record, and in

a most informative and comprehensive manner charges a violation of law in the language of the statute above quoted. It is replete with allegations of fact and circumstance, so that the plaintiff in error was well advised of the very nature of the charge and the acts for which he would be brought before the jury to answer.

The crime is a statutory one and the practice and the precedents permit the employment of the language of the statute to charge the crime. *Graves* v. *State,* 45 *N. J. L.* 203; *State* v. *Nugent,* 77 *Id.* 84; *State* v. *Caporale,* 85 *Id.* 495; *State* v. *Cohen,* 108 *Id.* 216, and *State* v. *Vliet,* 120 *Id.* 23. The settled ruling was followed in those cases that the indictment was sufficient when it charged the statutory offense in the words of the statute, those words being descriptive of the offense.

At the trial, the learned trial judge excluded in the examination of the jurors on their *voir dire* questions relating to membership in the democratic party and participation in the democratic primary of the year for which the indictment was handed down. It would seem that the exclusion was proper. Mere membership in the democratic party and participation in the primary election would hardly indicate bias or prejudice against one accused of filing a nomination petition for primary election knowing the same to be falsely made. The testimony at the trial has not been returned with the state of the case. We are unable, therefore, to pass on more than the sufficiency of the indictment and the examination of the jurors on thir *voir dire.* Since most of the citizens of this state are members of one or the other of the leading political parties, we fail to see how a jury could be impaneled to try a violation of the Election law if mere membership in one or the other of the political parties should be regarded as evidence of bias and prejudice in the performance of a public duty.

The judgment below will be affirmed.